# LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

February 12, 2019

Hon. Katherine H. Parker, U.S.M.J.
US District Court - SDNY
500 Pearl Street
New York, NY 10007

      Re:     *Rosario v. Adams et al.,* No. 18-2868 (GBD)(KHP)

Dear Judge Parker:

      I am counsel for plaintiff Jenniebel Rosario ("Plaintiff") in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants Baba P. Adams, Ebrima Touray and City Style New York, LLC ("Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants has reviewed and approved this letter.

      The parties have agreed to the use of a magistrate judge for all proceedings. At the time of the filing of this letter, the parties are also filing a Notice, Consent and Reference of a Civil Action to a Magistrate Judge, whereby the parties are consenting to the use of a magistrate judge for all proceedings in this case.

      As a threshold matter, the parties take this opportunity to address the fact Your Honor ordered the parties to submit a written settlement agreement for approval by January 19, 2019. The parties were not in position to do so until now, and wish to explain the circumstances. On January 11, 2019, the parties reached an agreement on the material terms of the settlement and reported that to the Court. The Court ordered the parties to submit the written agreement for approval by January 19. As the parties were trying to accomplish that, the settlement itself appeared in jeopardy. Unsure of what to report to the Court, the parties continued to work diligently to resolve the issues standing in the way of the settlement. Thankfully the parties were able to do so. The parties apologize for missing the deadline and respectfully request that this joint motion be considered at this time.

      As a second threshold matter, the parties note that after the parties reported that they had reached a settlement, the presiding district judge, the Hon. George B. Daniels, issued a 30 day order, dismissing the action without prejudice to restoring the action to this Court's docket if an application to restore is made within thirty (30) days. That Order was issued on January 15, 2019. On February 12, 2019, just prior to filing this joint letter, the parties filed a joint letter addressed to Judge Daniels and requesting that he reinstate the action for the limited purpose of: (a) having the settlement agreement reviewed and (b) allowing for a new order of dismissal to be issued, in particular, an order of dismissal that expressly states the Court is retaining jurisdiction to enforce

Hon. Katherine H. Parker
February 12, 2019
Page 2 of 3

the terms of the settlement agreement for a period of not longer than sixty days following dismissal of the action.

Now, the parties turn to the settlement agreement for which the parties seek approval. This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday worked in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

Plaintiffs' initial disclosures, which were served on all defendants, calculated that Plaintiff was owed approximately $21,295 in unpaid overtime and other unpaid wages. Plaintiff's initial disclosures also asserted Plaintiff was seeking liquidated damages in the amount of $21, 295, $10,000 in statutory penalties for wage notice and wage statement violations, plus prejudgment interest, attorneys' fees and costs.

A bona fide dispute arose when Defendants appeared in this action and disputed the number of hours Plaintiff claimed he worked and the actual amounts Plaintiff had been paid. Defendants also raised legal arguments concerning whether the notice and statements they provided were sufficient. Defendants provided documents in support of their position, including payroll records.

A mediation was held before Your Honor. Each side prepared mediation statements and exchanged documents in advance of the mediation. Eventually, after several rounds of negotiation, the parties stopped the mediation, unable to reach a compromise figure.

Thereafter, Your Honor issued a discovery schedule. Further negotiations between the parties led to agreement at a compromise figure of $21,000 to resolve all claims, including attorney's fees and costs and a written agreement to resolve this Action (the "Agreement") that is being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A.) Notably, the settlement amount is above the Defendants' offer, and below the Plaintiff's demand, at the mediation; suggesting that the mediation effectively framed reasonable "high" and "low" settlement figures.

Pursuant to the Agreement, the $21,000 will be divided two-thirds to Plaintiff and one-third to Plaintiff's counsel.

In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in this Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provisions includes language expressly stating that the parties retain the right to discuss matters related to this legal action with

Hon. Katherine H. Parker
February 12, 2019
Page 3 of 3

whomever they choose so long as the parties' statements are truthful. Most importantly, and unlike the settlement agreement at issue in *Cheeks*, the Agreement is available to Your Honor to explore and to assess whether it was likely the fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel and participated in a mediation conducted by Your Honor.

This settlement is fair when comparing the potential recovery at trial to the settlement amount. It is also fair when considering Plaintiff is retaining two-thirds of the settlement proceeds (after taking out costs associated with the Action. Moreover, this is not a case where a settlement came about because of "overreaching" by any party. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months, involving counsel, the exchange of documentary evidence and assistance from the Magistrate Judge. The parties' counsel are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We appreciate Your Honor's attention to this matter.

> Respectfully Submitted,
>
> */s/ Mohammed Gangat*
>
> Mohammed Gangat, Esq.

cc:   All counsel of record (via ECF)